## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### EASTERN DIVISION

RECEIVED

2021 NOV 30 P 12: 38

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| Triniti Evans, | ) | |
| | ) | |
| Plaintiff. | ) | Civil Action No.: |
| | ) | 3:21-cv-798 |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| JAM Food Company, Inc., | ) | |
| d/b/a Full Moon Bar-B-Que, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, Triniti Evans, ("Plaintiff") by and through their undersigned counsel, and hereby file this Complaint against JAM Food Company, Inc., d/b/a Full Moon Bar-B-Que ("Defendant") and seek redress for discrimination and retaliation suffered by Plaintiff in her capacity as an employee of the Defendant. Defendant discriminated against the Plaintiff on the basis of the Plaintiff's sex in violation of **Title VII** of the Civil Rights Act of 1964, as amended, **42 U.S.C §§ 2000e *et seq,*** and any other cause(s) of action that can be inferred from the facts set forth herein and states the following:

### JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(3), 28 U.S.C. §1331, and 28 U.S.C. §1343(a)(4).

2. The unlawful employment acts, and other acts alleged herein, took place within Eastern Division of the Middle District of Alabama.

3. Venue is proper in this Court, the United States District Court for the Middle District of Alabama, pursuant to **Title 28, U.S.C. § 1391** and the Local Rules of the United States District Court for the Middle District of Alabama.

## PARTIES

4. Plaintiff, Triniti Evans, is domiciled in the State of Alabama.

5. At all relevant times, Plaintiff was an "employee" of the Defendant as defined under Title VII.

6. Defendant, JAM Food Company, Inc., d/b/a Full Moon Bar-B-Que, is a domestic corporation licensed to do business in the State of Alabama.

7. At all relevant times, Defendant JAM Food Company, Inc., d/b/a Full Moon Bar-B-Que, was an "employer" as defined under Title VII.

8. Defendant JAM Food Company, Inc., d/b/a Full Moon Bar-B-Que, employs over 15 employees and is subject to Title VII.

## COMPLIANCE WITH JURISDICTIONAL REQUIREMENTS OF TITLE VII

9. Plaintiff Triniti Evans has complied with the jurisdictional requirements of Title VII that on to wit: Plaintiff caused a charge of discrimination in employment to be filed with the Equal Employment Opportunity Commission (hereinafter

sometimes referred to as the "EEOC") in accordance with Section 705 of Title VII.

10. A Notification of Right to Sue letter was received on September 3, 2021, and this Complaint has been filed within ninety (90) days of receipt of said Notification of Right to Sue. A copy of the notice is attached as Exhibit 1.

## GENERAL FACTS

11. Plaintiff left her first term of employment around January of 2020 with the Defendant due to being harassed by two men.

12. Plaintiff began her second term of employment with the Defendant around April of 2020.

13. During her second term of employment, Plaintiff was employed as a cashier at Defendant's Opelika, Alabama location.

14. Upon restarting her employment, Plaintiff was again harassed.

15. Plaintiff was terminated from her employment with the Defendant on or about August 13, 2020.

## COUNT I

## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS

## AMENDED, 42 U.S.C. § 2000E ET SEQ.

## (Hostile Work Environment)

16. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-15 above, as if fully set out herein.

17. Plaintiff is a female and is, therefore, a member of a protected class.

18. The conduct alleged herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., as Defendant has created, condoned, and fostered a hostile work environment to the detriment of the Plaintiff, and to which male employees were not subjected to.

19. Upon restarting her employment with the defendant around April of 2020, Plaintiff was again harassed.

20. Tyrone Skipper, a male employee, made inappropriate comments to Plaintiff daily.

21. Mr. Skipper would tell Plaintiff how good her butt looked.

22. Mr. Skipper would call Plaintiff a "sexy lady."

23. Mr. Skipper would tell Plaintiff that he liked how she looked in her uniform.

24. Mr. Skipper's inappropriate comments occurred every single day that he and the Plaintiff worked the same shift together.

25. Plaintiff reported Mr. Skipper's conduct to her manager, Bernard McGee.

26. The comments about the Plaintiff's sex were routine, offensive, and unwelcomed.

27. After reporting Mr. Skipper's conduct, the conduct the Plaintiff was subjected

to worsened.

28. Mr. Skipper began inappropriately touching Plaintiff.

29. Further his inappropriate comments continued, every time he walked past the Plaintiff.

30. Mr. Skipper would go out of his way to brush against Plaintiff's arm, touch Plaintiff's shoulder, and touch Plaintiff's back, right above her butt.

31. Mr. Skipper's inappropriate conduct became so severe that Plaintiff felt unsafe entering the kitchen where Mr. Skipper worked.

32. As the harassment continued to worsen, Plaintiff reported Mr. Skipper to Mr. McGee a second time.

33. No corrective action was taken against Mr. Skipper, instead Plaintiff was terminated.

34. Plaintiff was unable to complete her essential job functions, the terms of her employment were altered by the constant verbal and mental abuse, and she was subjected to a physically threatening environment, to which male employees were not subjected.

35. The Defendant, through Tyrone Skipper as an employee, created a hostile work environment based on Plaintiff's sex that was severe and pervasive enough to alter the terms of her employment.

36. This conduct occurred daily up until Plaintiff's termination on or about August

13, 2020.

37. Plaintiff was unable to efficiently complete her job, was unable to make sales, and was scared to come in to work due to the stress and fear of verbal and mental abuse, as well as the threat of physical harm.

38. Defendant's discriminatory action(s) against the Plaintiff violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended, were intentional, and were done with malice and reckless disregard for Plaintiff's rights as guaranteed under the laws of the United States, and as such, Plaintiff is entitled to punitive damages.

39. Plaintiff has suffered, and continues to suffer, emotional distress, loss of self-esteem and other damages as a direct result of Defendant's unlawful discrimination.

## COUNT II

## RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000E-3(a)

40. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-15 above, as if fully set out herein.

41. Around April of 2020 and again in August of 2020 Plaintiff began to participate in a protected activity when she opposed an unlawful employment practice by reporting Mr. Skipper to her manager Bernard

McGee for harassment that he was subjecting her to that other male employees were not subjected to.

42. Shortly after initially reporting Mr. Skipper for sexual harassment based on comments he was making, Mr. Skipper's conduct got worse.

43. Around August of 2020 Plaintiff again reported Mr. Skipper to her manager.

44. Just days after her second reporting of Mr. Skipper to her manger she was terminated.

45. Plaintiff's termination was on or about August 13, 2020.

46. Plaintiff has a good faith belief that Mr. Skipper and her manager were friends outside of work.

47. This adverse employment action was a direct retaliation to Plaintiff reporting Mr. Skipper to her manager for harassment.

48. None of the adverse employment actions and/or events described within above occurred until after the Plaintiff reported Mr. Skipper for harassment giving a causal connection between the adverse employment actions or events and Plaintiff opposing an unlawful employment practice.

49. Defendant intentionally discriminated against Plaintiff by retaliating against her for opposing an unlawful employment practice.

50. Defendant's retaliatory action against Plaintiff in violation of Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended, were intentional

and were done with malice and reckless disregard for Plaintiff's rights as guaranteed under the laws of the United States.

51. Plaintiff has suffered and continues to suffer, emotional distress, loss of self-esteem and other damages as a direct result of Defendant's unlawful retaliation.

## PRAYER FOR RELIEF FOR ALL COUNTS

**WHEREFORE,** Plaintiff prays that this Honorable Court will:

A. Issue a declaratory judgment, declaring the Defendant's past practices herein complained of to be unlawful.

B. Order Defendant to institute and carry out policies, practices, and programs providing equal employment opportunities for Plaintiff and other employees and eradicating the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole the Plaintiff by providing other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices.

D. Order Defendant to make whole the Plaintiff by providing compensation for past and future pecuniary and non-pecuniary losses resulting from the unlawful employment practices described above, including, but not limited to emotional pain, suffering, anxiety, loss of enjoyment of life, humiliation, punitive damages, and inconvenience, in amounts to be determined at trial.

E. Grant such further relief as the Court deems necessary and proper.

## DEMAND FOR JURY TRIAL

The Plaintiffs demand a trial by jury.

Respectfully submitted,

D. Jeremy Schatz
ASB-2400-H34Y
*Attorney for Plaintiff*

OF COUNSEL:
Virtus Law Group
100 41st Street South, Suite A
Birmingham, AL 35222
js@vlgal.com

## CLERK: PLEASE SERVE VIA CERTIFIED MAIL:

JAM Food Company, Inc.
d/b/a Full Moon Bar-B-Que
C/O Joe Maluff
2212 Rocky Ridge Road
Birmingham, AL 35216